IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

       Plaintiff,

   -vs-                                      CRIMINAL No. 07-2237 LH

SHAWN P. MARLAR,

       Defendant.


## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on the Government's Motion Regarding Defendant's Eligibility and Sentence Under 18 U.S.C. § 3582(c)(2) for an Amended Sentence Pursuant to Drug Guideline Amendment (ECF No. 43), filed June 28, 2015. The Court, having reviewed the Motion, Defendant's Response (ECF No. 50), filed September 25, 2015, the record in this matter, and the applicable law, finds that the Government's Motion is well taken.

Defendant pleaded guilty to Counts 2 and 3 of a five-count Indictment. The total offense level for Count 2, Possession with Intent to Distribute 5 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, was 23, which combined with a criminal history category of IV, resulted in a guideline range of 70 to 87 months. Count 3, Possessing, Carrying, or Using a Firearm During and in Relation to a Drug Trafficking Crime, carried a mandatory, consecutive sentence of 60 months. Thus, the total sentencing guideline range was 130 to 147 months. The Court sentenced Defendant to a total of 130 months imprisonment.

Applying the amended guidelines, the total offense level for Count 2 is reduced to 21, which combined with the criminal history category of IV, results in a guideline imprisonment range of 57 to 71 months.  The Court notes, however, that Count 2 is subject to a mandatory minimum sentence of five-years imprisonment.  21 U.S.C. § 841(b)(1)(B).  Thus, the new guideline sentencing range is 120 to 130 months.

While recognizing that the Defendant has had positive educational accomplishments during his incarceration, the United States points to two factors regarding his Bureau of Prisons Sentry Disciplinary Report as grounds for denying a full reduction in his sentence.  The first factor involves the seriousness of Defendant's infractions, two for possession of dangerous weapons and three for possession and use of drugs and alcohol, all classified by the Bureau of Prisons in the 100 series, or of "Greatest Severity."  Secondly, the government notes that Defendant's compliance has not improved during his time in prison.  Rather, three of these "greatest severity" infractions, including possession of a razor blade, occurred in 2013 and 2014, and Defendant's latest violation, assault without serious injury, occurred less than a year ago.

Considering the factors set forth in 18 U.S.C. § 3553(a), public safety, and Defendant's post-sentencing conduct, *see* U.S.S.G. 1B1.10 n.1(B), the Court finds that a full reduction in the Defendant's term of imprisonment is not warranted.  The Court will enter its Order resentencing Defendant to **127 months imprisonment**.

**IT IS SO ORDERED**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**